**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **YOLANDA RATCHFORD, et al,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.: 3:25-cv-00351-ECM** |
| | ) |
| **CASEY CHAMBLEY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANTS CITY OF VALLEY, LEONARD RILEY, CHARLES REYNOLDS, CHRIS DANIEL, CHRISTOPHER C. DAVIS, LORENZO HARRIS, MICHAEL MEACHAM, STACY SHIREY, DAVID G. SMITH, RICKY SPRUILL AND CASEY CHAMBLEY'S JOINT MOTION TO STAY ALL DISTRICT COURT PROCEEDINGS**
***(OPPOSED BY PLAINTIFFS)***

COME NOW Defendants City of Valley, Leonard Riley, Charles Reynolds, Chris Daniel, Christopher C. Davis, Lorenzo Harris, Michael Meacham, Stacy Shirey, David G. Smith, Ricky Spruill and Casey Chambley, and hereby move this Court to Stay All District Court Proceedings. As grounds, these Defendants state as follows:

1. Defendants Leonard Riley, Charles Reynolds, Chris Daniel, Christopher C. Davis, Lorenzo Harris, Michael Meacham, Stacy Shirey, David G. Smith, Ricky Spruill and Casey Chambley have filed a Notice of Interlocutory Appeal to the Eleventh Circuit Court of Appeals which challenges this Court's denial of qualified immunity.

2. Qualified immunity is not only a protection against an ultimate award of damages, it is also a protection from the burdens of litigation, including discovery. "Until th[e] threshold immunity question is resolved, discovery should not be allowed." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1991); see also Siegert v. Gilley, 500 U.S. 226, 232 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); Id. at 1795 (Kennedy, J., concurring) ("[A]voidance of disruptive discovery is one of the very purposes for the official immunity doctrine . . ."); Lassiter v. Alabama A&M Univ., 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc) ("Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) limited, on other grounds, by Hope v. Pelzer, 536 U.S. 730, 739, 122 S. Ct. 2508, 2515 (2002); GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) ("[Q]ualified immunity protects officials not just from liability, but from suit and its attendant burdens. . . . Every successive stage to which a suit progresses reduces the effectiveness of the defense, requiring officials to spend time at the courthouse rather than the statehouse."); Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1183 (11th Cir. 1994) ("Since qualified immunity protects government officials performing discretionary functions from litigation, including discovery and trial, the

validity of this protection must be determined as early as possible in the lawsuit") overruled on other grounds, Hope, 536 U.S. at 739; Caraballo-Sandoval v. Honsted, 35 F.3d 521, 524 (11th Cir. 1994) (affirming the district court's stay of discovery until it decided the qualified immunity issue). "Particularly when a dispositive motion raises the issue of qualified immunity, it may be appropriate to stay discovery until resolution of that motion." Iqbal v. DOJ, No. 3:11-cv-369-J-37JBT, 2013 U.S. Dist. LEXIS 105667, at *3 (M.D. Fla. July 29, 2013).

3. When such an interlocutory appeal is taken, proceedings in the court below are due to be stayed pending the outcome of the appeal since continuing the proceedings while the appeal is pending effectively strips the defendant of his entitlement to qualified immunity. Summit Medical Associates v. James, 998 F. Supp. 1339, 1342 (M.D. Ala. 1998) (granting stay of proceedings pending interlocutory appeal based on assertion of Eleventh Amendment immunity). See also Mitchell v. Perkins, No. 3:17-cv-751-J-34PDB, 2020 U.S. Dist. LEXIS 26583, at *3 (M.D. Fla. Feb. 14, 2020) (Observing that "[t]ypically, courts stay discovery in 42 U.S.C. § 1983 actions during an interlocutory appeal based on qualified immunity" and granting stay as to *entire* case pending outcome of interlocutory appeal.); H.A.L. v. Foltz, No. 3:05-cv-873-J-33MCR, 2008 U.S. Dist. LEXIS 15393, at *4 (M.D. Fla. Feb. 28, 2008) ("Until the Eleventh Circuit determines whether or not the relevant law was clearly established, the defendants should not be subjected

to the burdens of discovery."); Epps v. Watson, No. 3:05-CV-068 (CDL), 2007 U.S. Dist. LEXIS 88710, at *2 (M.D. Ga. Dec. 3, 2007) (noting order staying discovery during pendency of interlocutory appeal based on, inter alia, consent of parties).

4. Imposing the burden of discovery upon these individual capacity Defendants, as they assert their interlocutory appeal, will require of them a considerable amount of time, attention and expense to participate in, resulting in an effective denial of their right to qualified immunity. Accordingly, these Defendants are entitled to a stay of all further proceedings in this case until a ruling has been issued as to the pending interlocutory appeal.

5. The claims made against the City of Valley and the Chambers County Board of Education are inextricably intertwined with those made against these individual capacity defendants.[1] In fact, the claims are so intermingled, factually as well as legally, that allowing Plaintiffs to proceed to discovery with respect to claims against these non-appealing parties would effectively strip these individual capacity defendants of qualified immunity. The individual capacity defendants would be forced to either fully participate during their pendency of the interlocutory appeal (i.e., have their counsel attend all depositions) and/or create the risk of having to re-do a lot of the discovery after the interlocutory appeal is concluded, if they are not

[1] For instance, Count III against the City of Valley and Count IV against the individual capacity defendants are the effectively the same claim just asserted in different counts. Count IX, the Conspiracy Claim, removes any pretense of differentiating claims between official and individual capacity defendants—all are included in the same count.

fully successful in their appeal.[2] "Once a non-frivolous appeal of a denial of immunity has been filed, a stay of discovery is obviously appropriate until the appellate court resolves the immunity issue." See K.M. v. Alabama Dep't of Youth Services, 209 F.R.D. 493, 495 (M.D. Ala. 2002) (holding that stay of all discovery against all defendants, except very limited information gathering directed to the identification of witnesses, until threshold issue of qualified immunity was decided was appropriate); Waller v. City of Fort Worth, No. 4:15-cv-670-Y, 2015 U.S. Dist. LEXIS 134289, at *19 (N.D. Tex. Oct. 2, 2015) (granting stay of all claims during pendency of interlocutory appeal because "here are no claims that are factually and legally distinct to the City of Fort Worth" and because "the Court cannot find that proceeding with discovery as to any claims against the City would not be 'disruptive' and 'will not impede or circumvent any right or entitlement to qualified immunity' asserted by the Officer Defendants.").

6. Furthermore, proceeding to discovery even only with respect to parties and claims not before the Eleventh Circuit on appeal could result in "wasting judicial

[2] The U.S. Supreme Court in Iqbal rejected, out of hand, the idea that parties not asserting qualified immunity could just proceed unabated with discovery without the individual capacity defendants' participation and then later somehow just catch up: "It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery." Ashcroft v. Iqbal, 556 U.S. 662, 685-86, 129 S. Ct. 1937, 1953 (2009).

resources through piecemeal litigation." Id. Since part of a proper qualified immunity analysis by the Eleventh Circuit is whether the Plaintiffs' Complaint actually stated a constitutional claim against the individual capacity Defendants[3], the eventual ruling of the Eleventh Circuit in this appeal could very likely inform and elucidate, if not effectively eliminate, the official capacity claims which are *not* directly at issue as part of the interlocutory appeal. It would seem unwise for the parties, even those not before the Eleventh Circuit, to proceed with discovery at the same time the appellate court is addressing claims that are so obviously intertwined with the claims which are not directly on appeal.

7. No party or person would be prejudiced by the entry of such a stay; to the contrary, staying all proceedings until a ruling on the interlocutory appeal is rendered would conserve the resources of both this Court and all Parties.

8. Counsel for the undersigned Defendants contacted Plaintiffs' Counsel by email and they responded that they OPPOSE the granting of this motion. No

---

[3] "The threshold question is: *'Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?'* Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) (Emphasis added). If a constitutional right would have been violated under the plaintiff's version of the facts, the court must then determine "whether the right was clearly established." Barbee v. Naphcare, Inc., 216 F. App'x 851, 852-53 (11th Cir. 2007) (Emphasis added). While the U.S. Supreme Court in Pearson v. Callahan, 555 U.S. 223, 242, 129 S. Ct. 808, 821 (2009) emphasized that a reviewing court need not rigidly follow the *order* of analysis set out in Saucier, it by no means eliminated plaintiff's failure to state a constitutional claim as a valid ground upon which to grant qualified immunity. See i.e., Balbin v. Johnson, No. 22-11182, 2025 U.S. App. LEXIS 6403, at *7 (11th Cir. Mar. 19, 2025) ("Because Balbin did not allege a constitutional violation, he did not meet his burden to overcome Officer Johnson's claim of qualified immunity.").

Defendants oppose the granting of this motion. Counsel for Defendant Chambley has given the undersigned permission to file this joint motion using her electronic signature.

WHEREFORE, PREMISES CONSIDERED, Defendants City of Valley, Leonard Riley, Charles Reynolds, Chris Daniel, Christopher C. Davis, Lorenzo Harris, Michael Meacham, Stacy Shirey, David G. Smith, Ricky Spruill and Casey Chambley respectfully request that all proceeding in District Court be stayed until the resolution of the individual Defendants' pending interlocutory appeal to the Eleventh Circuit Court of Appeals.

Respectfully submitted this 28th day of September, 2026.

**s/Robbie Alexander Hyde**
ROBBIE ALEXANDER HYDE (ALE023)
BART HARMON (HAR127)
Attorneys for Defendants City of Valley, Leonard Riley, Charles Reynolds, Chris Daniel, Christopher C. Davis, Lorenzo Harris, Michael Meacham, Stacy Shirey, David G. Smith and Ricky Spruill
ALEXANDER HYDE, LLC
2138 Moore's Mill Road, Ste. A
Auburn, Alabama 36830
Telephone: (334) 246-2333
robbie@alexanderhyde.com
bart@alexanderhyde.com

**s/Allison Alford Ingram**
John W. Marsh
Allison Alford Ingram
Attorneys for Defendant Casey Chambley
BALL, BALL, MATTHEWS & NOVAK, P.A.
445 Dexter Avenue, Suite 9045 (36104)
Post Office Box 2148
Montgomery, Alabama 36102-2148
jmarsh@ball-ball.com
allisoningram@charter.net

## CERTIFICATE OF SERVICE

I hereby certify that on **September 28, 2026**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. A copy of same will be served via the CM/ECF system on the following:

Alison Nicole Mollman
Paul Hartmann Rand
ACLU of Alabama
PO Box 6179
Montgomery, AL 36106
amollman@aclualabama.org
paul@zarzaur.com

Bart Robin Schwartz
Emily Marie Wilson
Kelvin Zhou
Steven Joseph Ballew
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
bschwartz@willkie.com
ewilson@willkie.com
kzhou@willkie.com
sballew@willkie.com

Baldwin Jahi Beal
Willkie Farr & Gallagher, LLP
1875 K Street, NW
Washington, DC 20006-1238
bbeal@willkie.com

Brad Anthony Everhardt
Elizabeth Brannen Carter
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
Montgomery, AL 36104
beverhardt@hillhillcarter.com
ecarter@hillhillcarter.com

Jamie Helen Kidd Frawley
Webb McNeill Frawley PC
Post Office Box 238
Montgomery, AL 36101-0238
jfrawley@wmwfirm.com

John W. Marsh
Allison Alford Ingram
BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148
jmarsh@ball-ball.com
allisoningram@charter.net

Romane DePaul
Willkie Farr & Gallagher, LLP
787 Seventh Avenue
New York, NY 10019-6099
rpaul@willkie.com

**s/Robbie Alexander Hyde**
Of Counsel